IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
SERENA C. MOSER,                    )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )     1:05CV00288
                                    )
MCC OUTDOOR, L.L.C.,                )
SHIVERS TRADING & OPERATING         )
CO.                                 )
                                    )
     Defendants.                    )
```

O R D E R

Pending before this court are various motions from Plaintiff Serena C. Moser ("Plaintiff") against Defendants MCC Outdoor, L.L.C. and Shivers Trading & Operating Co. ("Defendants"). This opinion considers each in turn.

In Plaintiff's Motion to Strike the Last Thirteen Pages of Defendants' Brief in Support of Their Motion for Summary Judgment, Plaintiff argues this court should strike pages from Defendants' brief supporting their summary judgment motion because those pages are beyond Local Rule 7.3(d)'s allowance. However, this court's May 1, 2006, order [43] allowed Defendants to file an over-length brief for their summary judgment motion. Thus, this motion is moot.

In Plaintiff's motions to strike Defendants' (1) summary judgment motion, (2) summary judgment brief, and (3) certain exhibits supporting summary judgment, Plaintiff argues that those

documents fail to adhere to Local Rule 7.1(a), which states, among other requirements, "[t]ypewritten documents should be double spaced," shall use an 11-point font or greater, and shall have a "type size and face . . . no smaller than that contained in the United States Reports beginning with Volume 453."

Plaintiff argues that Defendants' summary judgment motion, brief, and supporting exhibits have a font that is too small and fails to conform to Volume 453's type size. The court finds the font acceptable and will deny these motions on this ground.

Plaintiff then argues that certain of Defendants' summary judgment exhibits are not double spaced. The court holds that the lack of double spacing is not fatal. Not only are these exhibits and not briefs, which have specific page limits for obvious reasons, but also, the rule does state that "[t]ypewritten documents <u>should</u> be double spaced." L.R. 7.1(a) (emphasis added). Subject to the rule's other requirements, double spacing is not an absolute requirement for exhibits. Plaintiff's arguments are, thus, meritless.

Finally, Plaintiff moves to file an over-length brief in response to Defendants' summary judgment motion, which Defendants do not oppose. Thus, the court will grant the motion. Plaintiff may file up to a thirty-five-page brief in response to Defendants' summary judgment motion.

For the reasons stated above,

The court DENIES Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment [31], Motion to Strike Defendants'

2

Case 1:05-cv-00288-UA-JEP   Document 51   Filed 06/09/06   Page 2 of 3

Summary Judgment Brief [33], Motion to Strike the Last 13 Pages of Defendants' Summary Judgment Brief [35], and Motion to Strike Certain Exhibits Supporting the Defendants' Summary Judgment Motion [37].

The court GRANTS Plaintiff's First Motion for Leave to File Excess Pages [44].

This the 9th day of June 2006.

                                                                United States District Judge